*Benda Murley*

**Brenda Moody Whinery, Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 Proceeding |
| WILLIAM CHARLES MAERS and DONI ALANA MAERS, | Case No. 4:24-bk-05191-BMW |
| Debtors. | |
| VERONICA HINTON, VANESSA HINTON, and MARCUS HINTON, | Adv. Case No. 4:25-ap-00178-BMW |
| Plaintiffs, | **RULING AND ORDER DISMISSING ADVERSARY COMPLAINT** |
| v. | |
| WILLIAM CHARLES MAERS and DONI ALANA MAERS, | |
| Defendants. | |

Before the Court is the *Motion of Adversary Proceeding* (the "Adversary Complaint") (Adv. Dkt. 1)[1] filed by Vanessa Hinton, Veronica Hinton,[2] and Marcus Hinton (collectively, the "Hintons").[3] In the Adversary Complaint, the Hintons seek a determination from this Court that the liability arising from the claims they have asserted against William Charles Maers and Doni Alana Maers (collectively, the "Maerses") in *Hinton et al v. County of Cochise et al*, 4:23-cv-

---

[1] References to "Adv. Dkt." are references to filings on this adversary docket.

[2] Veronica Hinton is not pursing her claims. (Admin. Dkt. 58).

[3] The Hintons have filed an amended adversary complaint (the "Amended Adversary Complaint") (Adv. Dkt. 60) and a motion for leave to file that Amended Adversary Complaint (Adv. Dkt. 65), which filings are discussed in more detail below.

00482-JAS-MSA (the "District Court Case") pending before the U.S. District Court for the District of Arizona (the "District Court") is nondischargeable pursuant to 11 U.S.C. § 523.[4] In the alternative, the Hintons ask this Court to revoke the Chapter 7 discharge the Maerses received in their underlying bankruptcy case (the "Bankruptcy Case")[5] pursuant to 11 U.S.C. § 727.

The Court held a status hearing regarding this adversary proceeding on June 2, 2026, at which time the Court raised the threshold issue of whether the Hintons have a claim against the Maerses within the meaning of 11 U.S.C. § 101(5) and standing to pursue their 11 U.S.C. § 523 and 11 U.S.C. § 727 causes of action in this proceeding.[6] At the June 2, 2026 hearing, the Court asked the parties to provide the Court with an update regarding the status of the District Court Case. (Adv. Dkt. 61; Adv. Dkt. 63). Thereafter, the Hintons filed the *Plaintiffs' Motion Establishing Standing and Jurisdiction* (Adv. Dkt. 66), attached to which are the filings from the District Court Case docket that the Hintons believe are relevant to this matter.

Given the record before the Court, and the Court's review of the District Court Case docket,[7] the Court issues its ruling regarding the threshold issue of whether the Hintons have standing to pursue their 11 U.S.C. §§ 523 and 727 claims against the Maerses.

### 1. Factual Background and Procedural Posture

For some period of time, the Maerses were the Hintons' landlords. On October 25, 2023, the Hintons filed the complaint against the Maerses and other third parties that commenced the District Court Case (the "Original District Court Complaint") (D. Ct. Dkt. 1).[8] The Maerses denied the allegations against them. (D. Ct. Dkt. 12).

On June 20, 2024, Magistrate Judge Aguilera issued a *Report and Recommendation* (the

---

[4] All of the Hintons' underlying claims of liability against the Maerses have been asserted in the District Court Case. The Hintons have, at all times, expressed their intent to pursue their claims of liability in District Court. (Adv. Dkt. 63; Adv. Dkt. 66).

[5] *In re Maers*, 4:24-bk-05191-BMW.

[6] The Court has an independent obligation to examine the Hintons' standing. *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002).

[7] "A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER." *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018); *see also* Fed. R. Evid. 201, made applicable to this proceeding by Fed. R. Bankr. P. 9017.

[8] References to "D. Ct. Dkt." are references to filings in the District Court Case.

2

"First Report and Recommendation") (D. Ct. Dkt. 94), in which she recommended, among other things, that the Hintons' claims against the Maerses in the Original District Court Complaint be dismissed for failure to state a claim, but that the Hintons be granted leave to amend their Original District Court Complaint.

On June 27, 2024, the Maerses, through counsel, filed their Chapter 7 Bankruptcy Case. (Bankr. Dkt. 1).[9] The Maerses scheduled the Hintons as holding a claim in an unknown amount arising from the District Court Case. (Bankr. Dkt. 8 at 19).

On June 28, 2024, the Bankruptcy Clerk's Office issued the Official Form 309A *Notice of Chapter 7 Bankruptcy Case* (the "Official Bankruptcy Case Notice") (Bankr. Dkt. 4), which set October 15, 2024 as the deadline for the filing of complaints pursuant to 11 U.S.C. §§ 727(a)(2)-(7) or 11 U.S.C. §§ 523(a)(2), (a)(4), or (a)(6). The Official Bankruptcy Case Notice was sent by the Bankruptcy Noticing Center to the parties listed by the Maerses on their master mailing list, including the Hintons at a Deming, New Mexico address. (Bankr. Dkt. 6). The Hintons deny that they received the Official Bankruptcy Case Notice. (*E.g.,* Adv. Dkt. 58).

It does not appear that the Maerses or their bankruptcy counsel filed a notice on the District Court docket to notify the District Court that the Bankruptcy Case had been filed.

On September 10, 2024, District Court Judge Soto entered an *Order* (D. Ct. Dkt. 100) adopting the First Report and Recommendation, dismissing the Hintons' claims against the Maerses without prejudice, and granting the Hintons leave to file an amended complaint.

On October 10, 2024, the Hintons filed an *Amended Complaint* (D. Ct. Dkt. 101) in the District Court Case.

On October 15, 2024, the time for the filing of objections to entry of a discharge in the Maerses' Bankruptcy Case and/or complaints to have debt excepted from discharge under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6) expired.

On November 4, 2024, the Hintons filed a *Request of Denial for Fraud* (the "Request") (Bankr. Dkt. 16) in the Maerses' Bankruptcy Case, in which they asked this Court to "deny the Maers prayer for bankruptcy" on the basis that the Maerses had engaged in alleged bad faith

---

[9] References to "Bankr. Dkt." are references to filings in the Bankruptcy Case.

3

and/or fraud. In response to the Request, the Bankruptcy Clerk's Office issued a deficiency memo directing the Hintons to the Adversary Pro Se Handout for assistance in filing an adversary complaint. (Bankr. Dkt. 17).

On November 8, 2024, an *Order of Discharge* (the "Discharge Order") (Bankr. Dkt. 19) was entered in the Bankruptcy Case, granting the Maerses a Chapter 7 discharge.

On November 13, 2024, the Maerses filed a copy of the Discharge Order in the District Court Case. (D. Ct. Dkt. 107).

On November 18, 2024, the Bankruptcy Case was closed in the ordinary course. (Bankr. Dkt. 21).

On December 16, 2024, the Hintons filed a motion with the District Court in which they asked for an extension of time to, among other things, respond to "the Maers Bankruptcy document." (D. Ct. Dkt. 110).

On June 9, 2025, the Hintons filed the Adversary Complaint. (Adv. Dkt. 1).

On June 10, 2025, the Bankruptcy Clerk's Office issued an *Order Re: Potential Dismissal* (Adv. Dkt. 2) notifying the Hintons that no further action would be taken regarding their Adversary Complaint unless and until the underlying Bankruptcy Case was reopened.

On June 13, 2025, Magistrate Judge Aguilera issued a *Report and Recommendation* (the "Second Report and Recommendation") in the District Court Case, which contains the following footnote:

> The Court intended to recommend dismissal of the Maerses with prejudice pursuant to the bankruptcy court's order of discharge, which discharges the Maerses' liability on Plaintiffs' claims. However, on June 9, 2025, Plaintiffs filed an adversary complaint to reverse the discharge. The bankruptcy judge has given Plaintiffs thirty days to move to reopen the underlying bankruptcy proceeding. As such, the Court will not yet issue a recommendation regarding the Maerses.

(D. Ct. Dkt. 160 at 1) (internal citations omitted).

On July 3, 2025, the Hintons filed a *Motion for Judicial Notice Regarding Bankruptcy Filing by Defendants (Maers)* (D. Ct. Dkt. 181) in the District Court Case, in which they argued that the claims they had asserted against the Maerses in the District Court Case could proceed,

4

citing 11 U.S.C. § 523(a)(6), 11 U.S.C. § 727, and 42 U.S.C. § 1983.

On July 22, 2025, the Hintons filed a motion in the Bankruptcy Case in which they asked this Court to reopen the Bankruptcy Case in order to allow them to prosecute their Adversary Complaint. (Bankr. Dkt. 31). The Adversary Complaint seeks relief to pursue their claims in the District Court Case.

On August 6, 2025, Magistrate Judge Aguilera issued a *Report and Recommendation* (the "Third Report and Recommendation") (D. Ct. Dkt. 197), in which she recommended that the Maerses be dismissed from the District Court Case with prejudice. The Third Report and Recommendation provides in relevant part:

> On June 12, the Court issued a report and recommendation . . . . The Court refrained from issuing a recommendation concerning Defendants Doni and William Maers because Plaintiffs had taken steps to reopen the Maerses' bankruptcy proceeding. Having researched and considered the matter further, the Court will recommend that the Maerses be dismissed from this case with prejudice.
>
> In November 2024, the Arizona bankruptcy court granted a discharge to the Maerses under 11 U.S.C. § 727. The discharge covers the claims brought by Plaintiffs in this case. A discharge "operates as an injunction against the . . . continuation of an action . . . to collect . . . any such debt as a personal liability of the debtor." This means that this case cannot continue against the Maerses.
>
> Plaintiffs argue that the discharge is invalid because the Maerses' liability arises from "willful and malicious injury." But that is not for this Court to decide. Under 28 U.S.C. § 157(a), this Court has referred "to the bankruptcy judges for this district all cases under title 11 and all proceedings under title 11 or arising in or related to a case under title 11 as of the effective date of the present Bankruptcy Act." The referral includes "core proceedings" to determine "the dischargeability of particular debts."
>
> In short, Plaintiffs must direct their objections to the bankruptcy court. As to this Court, the bankruptcy discharge is final unless and until Plaintiffs succeed in reopening the bankruptcy proceeding and obtaining a ruling from the bankruptcy court that their claims were not discharged. Therefore, the Court will recommend that the Maerses

5

be dismissed with prejudice.

> The Court recommends . . . that Defendants Doni and William Maers be **dismissed with prejudice**.

(D. Ct. Dkt. 197 at 2-3) (internal citations omitted).

On September 5, 2025, District Court Judge Soto entered an *Order* (the "District Court Dismissal Order") (D. Ct. Dkt. 205) in which he, among other things: (1) accepted and adopted the Second Report and Recommendation and Third Report and Recommendation; and (2) dismissed the Maerses from the District Court Case with prejudice.

On February 10, 2026, this Court held a hearing on the Hintons' Motion to Reopen the Bankruptcy Case. At that hearing, no party notified this Court of the District Court Dismissal Order. (Bankr. Dkt. 61). Counsel for the Maerses reported to this Court that there had been no developments. (Bankr. Dkt. 61). Given the record before the Court, the Court granted the Motion to Reopen for the sole purpose of allowing the Hintons to prosecute their Adversary Proceeding. (Bankr. Dkt. 61; Bankr. Dkt. 64).

On February 27, 2026, the Hintons filed a *Notice of Changed Circumstances and Supplemental Facts Relevant to Dismissal Based on Bankruptcy Discharge* (D. Ct. Dkt. 262) in the District Court Case, in which they informed the District Court of the Motion to Reopen and the Adversary Proceeding.

On March 4, 2026, the Hintons filed a *Motion to Reinstate Defendants William Maers and Doni Maers* (the "Motion to Reinstate Defendants") (D. Ct. Dkt. 263) in the District Court Case, in which they asked the District Court to reinstate the Maerses as defendants and "restore[] . . . their status as parties pending bankruptcy determinations[.]"

On March 10, 2026, Magistrate Judge Aguilera issued an order denying the Motion to Reinstate Defendants (the "Order Denying Motion to Reinstate Defendants") (D. Ct. Dkt. 264). The Order Denying Motion to Reinstate Defendants provides in relevant part:

> The Court dismissed William and Doni Maers after they discharged Plaintiffs' claims in bankruptcy. Plaintiffs move to "reinstate" the Maerses as Defendants. To begin, the Maerses are not named as defendants in the third amended complaint. So, Plaintiffs are not

6

suing them, and they cannot be "reinstated." In addition, while Plaintiffs succeeded in reopening the bankruptcy case, they have not obtained a ruling that their claims were not discharged. The Court informed Plaintiffs that its ruling would stand "unless and until Plaintiffs succeed in reopening the bankruptcy proceeding *and obtaining a ruling from the bankruptcy court that their claims were not discharged*." The motion will be denied.

(D. Ct. Dkt. 264 at 4) (internal citations omitted).

It is the Order Denying Motion to Reinstate Defendants that the Hintons argue gives them standing to pursue this action. (Adv. Dkt. 66).

On May 1, 2026, the Maerses filed a *Motion to Dismiss Adversary Complaint* (the "Motion to Dismiss Adversary Complaint") (Adv. Dkt. 53), in which the Maerses ask this Court to dismiss the Adversary Complaint on the basis that it fails to state a claim upon which relief can be granted, presents no cognizable theory under § 523 or § 727 of the Bankruptcy Code, and is time-barred, warranting dismissal with prejudice. As discussed above, the Hintons deny receiving sufficient notice of the Bankruptcy Case in order to timely assert 11 U.S.C. §§ 523 and 727 claims, and the Hintons have proposed an amended adversary complaint (the "Amended Adversary Complaint") (Adv. Dkt. 60) to address the other arguments raised in the Motion to Dismiss Adversary Complaint. The Motion to Dismiss Adversary Proceeding remains pending, and this Court has made no determinations regarding the timeliness of the Adversary Complaint.[10] Standing remains the threshold issue before the Court.

## 2. Legal Analysis and Conclusions of Law

"Standing is a necessary element of federal-court jurisdiction[,]" and "[a] threshold question in every case is, therefore, whether at least one plaintiff has standing." *City of S. Lake Tahoe v. Cal. Tahoe Reg'l Plan. Agency*, 625 F.2d 231, 233 (9th Cir. 1980). In this case, the Hintons are seeking to litigate nondischargeability claim(s) brought pursuant to 11 U.S.C. § 523 and revocation of discharge claim(s) brought pursuant to 11 U.S.C. § 727. In order to have standing to pursue their 11 U.S.C. §§ 523 and/or 727 claims, the Hintons must be creditors

---

[10] Given that the Hintons are seeking revocation of the Maerses' discharge, and given that the Adversary Complaint was filed less than one year after the Discharge Order was entered, resolution of the timeliness dispute would not resolve all claims pending before this Court. 11 U.S.C. § 727(e).

7

within the meaning of 11 U.S.C. § 101(10). 11 U.S.C. § 727(e) (providing that only "[t]he trustee, a creditor, or the United States trustee may request a revocation of a discharge"); Fed. R. Bankr. P. 4007(a) (providing that only "[a] debtor or any creditor may file a complaint to determine whether a debt is dischargeable"). Even if the Hintons were creditors at the time they filed their Adversary Complaint, they must remain creditors at all stages of this litigation in order for this matter to proceed. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90, 133 S. Ct. 721, 726, 184 L. Ed. 2d 553 (2013).

In order to qualify as a creditor, the Hintons must have a claim against the Maerses, which means the Hintons must have a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, secured, or unsecured." 11 U.S.C. §§ 101(5) & 101(10).

In this case, the Hintons asserted all of their rights to payment and/or equitable remedies against the Maerses in the District Court Case. The Adversary Complaint filed in this Court seeks only the right to continue the District Court Case against the Maerses. The District Court dismissed all of the Hintons' claims against the Maerses with prejudice. As a result, the Hintons cannot now assert those claims in this Court. The Hintons are not creditors within the meaning of the Bankruptcy Code. The Hintons, therefore, do not have standing to pursue this adversary proceeding.

It has been suggested that this Court determine the dischargeability of the claims that the Hintons have asserted against the Maerses in the District Court Case, with the understanding that the Hintons will return to the District Court for further proceedings in the event this Court determines that such claims were not discharged. Bankruptcy courts cannot determine the dischargeability of debts that have not yet been established. This Court cannot issue an advisory opinion that provides that an alleged claim would or would not be dischargeable if it is later determined there is a claim. As the Ninth Circuit has explained, "there are two distinct issues to

8

consider in the dischargeability analysis: first the establishment of the debt itself . . . ; and, second, a determination as to the nature of that debt [i.e. whether or not the debt is dischargeable], an issue within the exclusive jurisdiction of the bankruptcy court . . . ." *Banks v. Gill Distrib. Ctrs., Inc.*, 263 F.3d 862, 868 (9th Cir. 2001). That analysis cannot be performed in reverse order, and the proposed procedure is untenable.

Although the Hintons have requested leave to amend their Adversary Complaint, amendment would be futile given the Hintons' lack of standing to pursue any claims under § 523 or § 727 of the Bankruptcy Code at this time.

Based upon the foregoing and the record before the Court;

**IT IS HEREBY ORDERED** that the Adversary Complaint is dismissed.

**DATED AND SIGNED ABOVE.**

Notice to be sent through the Bankruptcy Noticing
Center ("BNC") to the following:

Veronica Hinton
Vanessa Hinton
Marcus Hinton
500 Westover Dr, #36515
Sanford, NC  27330
*Plaintiffs*

William Charles Maers
Doni Alana Maers
3941 South Leonard Ave
Tucson, AZ  85735
*Defendants*

Notice of Electronic Filing to be sent via email,
through the CM/ECF System, to ALL registered users, including:

Kenneth L. Neeley
Neeley Law Firm, PLLC
*Counsel for Defendants*

U.S. Trustee, Office of the U.S. Trustee